## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIAKSEI PARASEVICH,<br>　　　　　　**Petitioner,**<br><br><br>v.<br><br>MARKWAYNE MULLIN, U.S.<br>DEPARTMENT OF HOMELAND<br>SECURITY, TODD BLANCHE, THE<br>EXECUTIVE OFFICE FOR<br>IMMIGRATION REVIEW, J.L.<br>JAMISON,<br>　　　　　　**Respondents.** | CIVIL ACTION<br><br><br><br><br>NO.  26-5015 |

## MEMORANDUM

**HODGE, J.**                                                              **July 28, 2026**

Petitioner Aliaksei Parasevich ("Petitioner" or "Mr. Parasevich") is another of the

numerous individuals who has been detained by immigration authorities under the relatively new

decision by the Bureau of Immigration Appeals ("BIA"). BIA's interpretation of the Immigration

and Nationality Act ("INA") § 235, 8 U.S.C. § 1225, would permit it to treat an immigrant as

"seeking admission" who was not inspected upon arrival in the country even if they arrived in the

country years ago. Such treatment results in detention without any hearing. This Court again joins

with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Parasevich's petition for a

writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

I.    **BACKGROUND**[2]

Mr. Parasevich is a native and citizen of Belarus. (Petition ¶ 4.) He fled persecution in Belarus and sought asylum protection at the southern border of the United States on or about May 18, 2023. (*Id*. ¶¶ 4, 51) After presenting at the border, Petitioner was permitted to enter the United States by border officials. (*Id.* ¶ 4) Petitioner timely filed for asylum relief. (*Id.*) Petitioner does not have any criminal history. (ECF No. 5 at 2.)

On or about July 18, 2026, Petitioner presented at the Immigration and Customs Enforcement ("ICE") office in Philadelphia for an appointment that ICE officials represented to him would serve to clarify his biographical information and discuss the status of his immigration case. (Petition ¶ 5.) Instead, ICE officials arrested and detained Petitioner at this appointment. (*Id.*) Mr. Parasevich is currently in the physical custody of Respondents at the Philadelphia Federal Detention Center. (*Id.* ¶ 12.)

II.    **LEGAL STANDARD**

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

III.    **DISCUSSION**

Respondents assert that the Petition should be denied because Mr. Parasevich is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process. (ECF No. 5.)

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

**A.      Mr. Parasevich Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)**

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, DHS issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already present within the United States are "applicants for admission" within the language of Section

1225(b)(2)(A). (ECF No. 5 at 1.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Detention Center Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *see also Cunha v. Freden*, No. 25-3141, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("[T]he government's novel interpretation of the immigration statutes defies their plain text."). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court. I therefore follow the decisions of my colleagues and hold that Section 1225(b)(2)(A) cannot apply to Petitioner, since he was already present in the United States when he was detained. *See, e.g.*, *Patel v. McShane*, 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Demirel*, 2025 WL 3218243 (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025); (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.).

### B.    Mr. Parasevich's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies

to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Petitioner. In this instance, Mr. Parasevich has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk after living in this country for over three years with no criminal record and a pending asylum application poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. The application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to Petitioner's detention on July 18, 2026. Because that hearing did not occur, he should not be in custody now.

## III.    CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Parasevich's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**